# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: } | |
| } | |
| LINDA ANN MENDENHALL } | CASE NO. 12-83299-JAC-7 |
| SSN: XXX-XX-1492 } | |
| } | CHAPTER 7 |
| Debtor(s). } | |
| } | |
| STAN STUART, D.B.A. SILVER RIVER } | AP NO. 13-80020-JAC-7 |
| MARINA } | |
| } | |
| Plaintiff(s), } | |
| v. } | |
| } | |
| LINDA ANN MENDENALL } | |
| } | |
| Defendant(s). } | |

## MEMORANDUM OPINION

This case came before the Court on debtor's motion to dismiss complaint as untimely filed. The hearing in this matter was held on the 6th day of May 2013. After careful consideration of the facts and legal analysis, the Court finds that the complaint is due to be dismissed as having been untimely filed and, further, finds that the complaint deadline cannot be extended *nunc pro tunc* based on excusable neglect.

On October 12, 2012, the debtor filed a Chapter 7 petition. The meeting of creditors was scheduled for November 16, 2012 and the time set for objections to discharge was established as January 15, 2013.

On January 14, 2013, creditor Stan Stuart proceeding *pro se* filed a timely motion to extend the deadline for filing complaints. Stuart submitted that he was unable to appear at the meeting of

creditors due to Hurricane Sandy in New York on October 29, 2012 which caused the creditor's home to be flooded and creditor evacuated for a considerable time.

On January 18, 2013, debtor filed an objection to the motion to extend time. On January 22, 2013, the Court held a hearing on the motion and debtor's objection. Max C. Pope, Jr., Esq., appeared at the hearing on behalf of the debtor to oppose the motion. In light of the circumstances alleged surrounding Hurricane Sandy and the creditor's loss of his home, the Court granted a "60 day extension." Following the hearing, the Court entered an order dated January 22, 2013 which reads as follows:

> The Motion by Creditor, Stan Stuart dba Silver River Marina, to Extend Time for Filing Complaint Objecting to Discharge or Dischargeability of a Debt is GRANTED and Creditor, Stan Stuart, dba Silver River Marina, is hereby granted a 60 day extension.

On March 21, 2013, counsel for Stuart filed a complaint against the debtor objecting to the dischargeability of the debt owed by the debtor to Stuart. On March 29, 2013, the debtor filed the subject motion to dismiss complaint. The debtor argues that the 60 day extension ran from the original deadline set on January 15, 2013 through March 16, 2013 and, thus, the complaint filed on March 21, 2013 is untimely. Stuart counters that the 60 day extension ran from the date the order was signed on January 22, 2013 and ran through March 21, 2013. Alternatively, Stuart argues that if the Court determines that the extension ran from the date of the original deadline, the factors of excusable neglect apply and the complaint should be deemed timely filed.

At a hearing held in this matter on May 6, 2013, the Court gave the parties time to file briefs addressing the issue of whether the 60 day extension ran from January 15, 2013 or from the date of the order granting the extension. The parties have now submitted their briefs, but neither brief cited a case specifically on point addressing the question of whether a generic extension runs from the

2

Case 13-80020-JAC    Doc 34    Filed 07/31/13    Entered 07/31/13 12:02:30    Desc Main
Document    Page 2 of 6

date of the order granting the extension or from the date of the original deadline. The parties had been specifically requested to address the issue, but failed to do so.

After further researching the matter, the Court has reviewed precedent holding that a bankruptcy court may interpret and clarify its own orders. In *Guerriero v. Rayhan (In re Guerriero)*, 2011 WL 4374957 (E.D.N.Y. 2011), the district court affirmed bankruptcy court's ruling denying debtor's motion to dismiss a complaint on the grounds that same was untimely filed where the bankruptcy court ruled that the grant of an extension was not contingent upon the creditor's compliance with a separate personal service provision in the same order. The district court explained that a bankruptcy court's interpretation of its own order is given deference on appeal and is reviewed for abuse of discretion. In *Grzywacz v. Height (In re Height)*, 2011 WL 1480265 (E.D. Mich. 2011), the district court affirmed a bankruptcy court's determination that an order entered extending the time to file a discharge or dischargeability complaint "as to the trustee only," extended the time only as to the trustee despite any other ambiguity in the order on which the creditor alleged it was mislead. The district court held that a reasonable interpretation by the bankruptcy court of its own order should stand. The court further explained that "[i]f a party believes a court has acted ambiguously as to [a] . . . deadline, it bears the burden of seeking clarification." *Height* at *7. Further, the Eleventh Circuit has stated that in considering a bankruptcy court's interpretation of the effect of its own order, "'we are reluctant to disturb a bankruptcy court's judgment interpreting its own earlier order' . . . the 'bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court's ruling.'" *Finova Capital Corp. v. Larson Pharmacy, Inc. (In re Optical Technologies)*, 425 F.3d 1294, 1300 (11th Cir. 2005). Accordingly, the Eleventh Circuit adopted

3

an abuse of discretion review when reviewing a bankruptcy court's interpretation of its own order.

After carefully reviewing the 60 day extension order entered in this case, the Court must reach the unfortunate result for the plaintiff that the extension was intended to run from the date of the original deadline despite any lack of clarity in the order. The Court granted the 60 day extension over the debtor's objection in deference to the hardships suffered by the creditor involved with Hurricane Sandy. The motion for extension did not request a specific period of extension, but merely requested that the deadline be extended. The order granted a generous 60 day extension of the deadline which this Court must interpret to have ran from the date of the original deadline. As explained in *Height*, if the creditor believed there was an ambiguity it was incumbent upon the creditor to seek clarification.

Having determined that the complaint was untimely, the Court further finds that it lacks the discretion to retroactively extend the deadline set in Bankruptcy Rule 4007(c) for filing the nondischargeability complaint based on excusable neglect. Bankruptcy Rule 4007(c) provides that:

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided by Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Bankruptcy Rule 9006(b)(3) states that bankruptcy courts may extend this deadline "only to the extent and under the conditions stated in" FRBP 4007(c) itself. This requirement distinguishes Bankruptcy Rule 4007(c)'s deadline from most others set by the bankruptcy rules, which bankruptcy courts may extend at any time upon a showing of good cause or excusable neglect. *See* Fed. R.

Bankr.P. 9006(b)(1). Thus, if a motion to extend the filing deadline is not filed prior to the expiration of the deadline set in Rule 4007(c), a bankruptcy court has no authority to extend the deadline based on excusable neglect pursuant to Rule 9006(b)(3).

The Court recognizes that there is a line of cases that have held that while a court would not have been able to extend on showing of excusable neglect the deadline established for filing a discharge or nondischargeability complaint if the original deadline expires before a motion to extend is filed, a court can further extend based on excusable neglect a revised deadline even if the motion to extend same is filed after the revised deadline has expired. *See Yip v. Solor (Solor)*, 490 B.R. 629 (Bankr. S.D. Fla. 2013)(explaining that "once the court has taken control of the . . . deadline by extending it once or more, the new deadline is governed by the general rules governing enlargement of time under Rule 9006(b)(1)"). However, other courts have held consistent with the plain language of Rules 4007(c) and 9006(b)(3), "that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is "strict" and, without qualification, "cannot be extended unless a motion is made before the 60–day limit expires." *See Anwar v. Johnson (In re Johnson)*, 2013 WL 3306327 (9th Cir. BAP 2013). In *Johnson*, the 9th Cir. BAP held that the creditor was not entitled to a retroactive extension of the filing deadline based on equitable considerations or a local rule of bankruptcy procedure that purports to grant the bankruptcy court discretion to excuse untimely filings. The appellate court explained:

> The bankruptcy court lacked equitable power to grant the creditor relief from her untimely filings. "In bankruptcy cases, a court's equitable power is derived from 11 U.S.C. § 105(a)," . . . which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," 11 U.S.C. § 105(a). However, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). These confines include deadlines set by the

> Federal Rules of Bankruptcy Procedure. *See Zidell, Inc. v. Forsch ( In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428, 1432 (9th Cir.1990) (holding that the bankruptcy court may not invoke its equitable power under § 105(a) to enlarge the time for filing a proof of claim under FRBP 3002(c), where FRBP 9006(b)(3) limits the grounds for extension to those stated in FRBP 3002(c) itself). Because granting [the creditor] a retroactive extension of the filing deadline would conflict with the plain language of FRBP 4007(c) and 9006(b)(3), the bankruptcy court could not rely on its equitable powers to do so. *See Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.),* 934 F.2d 723, 725 (6th Cir.1991) ("bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language") (internal quotation marks and citation omitted).

*In re Johnson*, 2013 WL 33063227 at *3.

Accordingly, the appellate court held that the fact that the creditor missed an extended deadline by less than one hour was immaterial. While arguably harsh, the Court adopts this view and finds that the extended deadline in this case is not subject to further extension based on excusable neglect.

Accordingly, the Court finds that the above styled complaint is due to be dismissed and that all pending motions related to any further extension are denied.

An order in conformity with the findings of fact and conclusions of law will be entered contemporaneously herewith.

**DONE and ORDERED** this date: July 31, 2013.

/s/   Jack Caddell
Jack Caddell
United  States  Bankruptcy  Judge

JAC/mhb
xc:   Debtor(s)
      Genevieve Lane LoPresti, attorney for plaintiff(s)
      Max C. Pope, Jr., attorney for defendant(s)
      trustee